# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **SAMMIE DAVIS KING, JR.,** *Plaintiff,* v. **OFFICER MARK CHESTANG, et al.,** *Defendants.* | **CIVIL ACTION NO. 5:18-CV-253-TES** |

## ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Sammie Davis King, Jr., a prisoner who is presently incarcerated at the Dooly State Prison in Unadilla, Georgia, filed a *pro se* complaint for relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. The Court therefore **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Doc. 2], and **DISMISSES** this action **without prejudice**. The Court also **DENIES** Plaintiff's pending Motion for Service of Process [Doc. 5] **as moot**.

## Discussion

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the only grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, they may not proceed *in forma pauperis* in federal court unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed several federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, as malicious, or for failure to state a claim. *See, e.g.*, Order Dismissing Appeal, *King v. Chestang*, Appeal No. 12-10764 (11th Cir. June 29, 2012) (three-judge panel dismissing as frivolous); Order Dismissing Compl., *King v. Chestang*, Doc. 12 in Case No. 1:11-cv-00142-JRH-WLB (S.D. Ga. Jan. 11, 2012) (adopting recommendation and dismissing for failure to state a claim); Order Dismissing Compl., *King v. Moossy*, Doc. 4 in Case No. 1:10-cv-01893-UNA (D.D.C. Nov. 4, 2010) (dismissing pursuant to 28 U.S.C. § 1915A for failure to state a claim); Order Dismissing Compl., *King v. Chestang*, Doc. 16 in Case No. 1:10-cv-00098-JRH-WLB (N.D. Ga. Oct. 22, 2010) (adopting recommendation

2

to dismiss pursuant to § 1915(e) and § 1915A as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the applicable statute of limitations). Accordingly, Plaintiff is barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. Colorado.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff appears to contend that his arrest, conviction, and incarceration are unlawful and violate Plaintiff's due process and equal protection rights, among other things. *See, e.g.,* [Doc. 1, at ¶¶ 2-4]. Specifically, Plaintiff alleges that on April 7, 1997, he was charged with one count of child molestation by police officers who "made the accusation on hearsay," "had no knowledge of the offense charge[d]," "could not prove no [sic] essential element of the crime," and "illegally obtaine[d] evidence"

3

supporting the charge. [*Id.* at ¶¶ 8-9]. Plaintiff further contends these officers, who appear to be Defendants Chestang and Morgan, illegally entered Plaintiff's home without a warrant and improperly questioned him, resulting in a coerced confession. [*Id.* at ¶¶ 11, 17-18]. Plaintiff also states Defendants' actions were racially motivated. [*Id.* at ¶ 32]. Although Plaintiff generally alleges that this is "a matter of Life and Death of racial bias," he has provided no specific facts demonstrating that he is in imminent danger of serious physical injury. As such, Plaintiff is not permitted to proceed *in forma* pauperis pursuant to § 1915(g), and his Complaint is dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* [Doc. 2] and **DISMISSES** this action **without prejudice**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee. The Court also **DENIES as moot** Plaintiff's Motion to Serve Process on Defendants [Doc. 5].

**IT IS SO ORDERED** this 28th day of September, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**