# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **SAMMIE DAVIS KING, JR.,** *Plaintiff,* v. **OFFICER MARK W CHESTANG,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00253-TES-TQL** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

After a de novo review of the record in this case, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 10] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). Consistent with the magistrate judge's recommendation, the Court **DENIES** Plaintiff's "Motion for Relief under United States Constitution Art. 3, § 1" [Doc. 9].

The Court thoroughly reviewed and considered Plaintiff's Objection [Doc. 11] to the Report and Recommendation and finds that it lacks merit. As a preliminary matter, the magistrate judge correctly construed the Plaintiff's motion as seeking relief from final judgment pursuant to Federal Rule of Procedure 60. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed."). The Court had previously dismissed his case without prejudice [Doc. 6], and the Court entered

judgment [Doc. 7] on October 1, 2018. Plaintiff's *in forma pauperis* application [Doc. 2] was denied pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Plaintiff never filed an appeal, and judgment was entered almost a year before Plaintiff filed the present motion on September 20, 2019. [Doc. 9]. Therefore, Plaintiff's ability to reopen the time in which he can file an appeal has expired. *See* Federal Rule of Appellate Procedure 4(a)(6). Accordingly, the Court must construe the motion as a relief from final judgment pursuant to Federal Rule of Civil Procedure 60 for it to be valid.

Relief under Federal Rule of Civil Procedure 60(b) is only available under limited circumstances. Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence . . ."; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief." However, in his lengthy objection, Plaintiff fails to provide any compelling reason that could justify relief under this rule.

Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 10]. The Court **DENIES** Plaintiff's motion.

**SO ORDERED**, this 13th day of February, 2020.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**