IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMMIE DAVIS KING, JR., *Plaintiff*, v. OFFICER MARK CHESTANG, *et al.*, *Defendants.* | CIVIL ACTION NO. 5:18-CV-253-TES-TQL |

**ORDER ON PLAINTIFF'S MOTIONS**

Presently pending before the Court are documents filed by Plaintiff that have been docketed as a motion for an extension of time [Doc. 13] and motion for leave to appeal *in forma pauperis* [Doc. 15]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion for extension of time and **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis*.

**I.    Request to Set Aside Order and for Extension of Time to File "Response"**

In his pending motion, Plaintiff first requests that the Court set aside an order dated October 16, 2018, because "there was no response back to Plaintiff on his counterclaim and cross-claim under 28 U.S.C. § 1915(g)." [Doc. 13, p. 1]. Plaintiff also seeks "an order extending the time to respond to the defendant reply that was not rebuttal on 10/16/18." [*Id.*, p. 3]. The Court's docket does not reflect that any such document exists. As best as the Court can tell, Plaintiff appears to be referring to the Court's order

dismissing this case dated September 28, 2018 [Doc. 6], which Plaintiff acknowledges receiving. *See* [Doc. 13, p. 3].

The September 28, 2018 Order did not resolve a motion to dismiss filed by any Defendant in this action. As explained in the Order, Plaintiff's Complaint was dismissed by the Court of its own accord under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Pursuant to § 1915(g), a prisoner who has filed more than three cases or appeals that have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted is precluded from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury. The Court found that Plaintiff (1) had filed at least three cases that had been dismissed for these reasons and (2) was not in imminent danger of serious physical injury. Thus, the Court denied Plaintiff leave to proceed *in forma pauperis* and dismissed his Complaint without prejudice to his right to refile the case with prepayment of the full $400.00 filing fee. *See generally* [Doc. 6]; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Although Plaintiff was not entitled to file a "response" to the Court's order of dismissal, Plaintiff could choose to appeal that order or file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Plaintiff did, in fact, file a

motion nearly one year after the Court's order of dismissal that was liberally construed as a Rule 60 motion [Doc. 9]. The United States Magistrate Judge recommended denial of that motion [Doc. 10], Plaintiff was permitted to object [Doc. 11], and the Court adopted the recommendation and denied relief [Doc. 12].

This review of the case's procedural history shows that to the extent Plaintiff seeks to extend the time for a response in this case, there is currently nothing pending to which Plaintiff is required to file a "response." Further, to the extent Plaintiff seeks to extend the time to file another Rule 60(b) motion to set aside the September 28, 2019 dismissal of this case, Federal Rule of Civil Procedure 6(b)(2) prohibits the Court from extending the time to act under Rule 60(b). Thus, when Plaintiff's motion is construed as seeking an extension of time to file a motion to "set aside" the September 28, 2018 Order or to file a response to that document, it must be denied.

To the extent Plaintiff's motion is construed as another Rule 60(b) motion seeking relief from judgment, it must also be denied. Under Rule 60(b), a court can provide relief from a judgment or order in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

3

Plaintiff appears to consider "this action as void" because of the purported lack of response to his "counterclaim and cross-claim under 28 U.S.C. § 1915(g)." [Doc. 13, pp. 1—2]. As noted above, however, the Court dismissed this case *sua sponte*, prior to service on Defendants, and thus no Defendant was required to respond to any document filed by Plaintiff in this case. Plaintiff has also failed to identify any other extraordinary circumstance or compelling reason for this Court to grant the relief he seeks. *See Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). As such, Plaintiff's motion is denied to the extent it can be construed as an additional motion for Rule 60 relief.

**II.     Motion for Extension of Time to File Notice of Appeal**

Plaintiff also asserts that he "files this action as void a[n]d shows good cause for the extension of time before filing notice of appeal to correct errors upon the courts." [Doc. 13, p. 2]. To the extent Plaintiff seeks an extension of time to file a notice of appeal, Federal Rule of Appellate Procedure 4(a)(5)(A) provides that a "district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "excusable neglect or good cause" is shown. Federal Rule of Appellate Procedure 4(a)(1) provides that in most circumstances, the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."

4

In this case, the time for filing a motion to extend the time to file a notice of appeal from the Court's September 28, 2018 Order dismissing this action [Doc. 6] has long since expired, but Plaintiff's motion for an extension of time could be considered timely if he is attempting to appeal the February 13, 2020 Order denying his motion for relief under Rule 60 [Doc. 12]. The Court will thus liberally construe Plaintiff's motion as seeking an extension of time to file a notice of appeal of the order denying Rule 60(b) relief. Plaintiff contends in his motion that he has limited law library access and that he has previously received court documents several weeks after the documents have been mailed. [Doc. 13, p. 3].

The Court therefore finds that Plaintiff has shown that good cause exists to extend the time in which Plaintiff may file his notice of appeal of the Court's February 12, 2020 Order denying 60(b) relief and grants Plaintiff's motion to the extent he is seeking an extension of time to file a notice of appeal.

**III.    Motion for Leave to Appeal *in forma pauperis***

The Court next turns to Plaintiff's Motion for Leave to Appeal *in forma pauperis* [Doc. 15]. If the trial court certifies in writing that the appeal is not taken in good faith, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it

5

is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925.

Plaintiff argues that the Court should grant his motion because the Court did not properly consider evidence of his claims. [Doc. 15, p.1]. However, as outlined previously by this Court, Plaintiff's *in forma pauperis* application [Doc. 2] was denied pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). [Doc. 12, p. 2]; [Doc. 10, p. 2]. Plaintiff's appeal does not substantively address this essential issue; therefore, his motion is frivolous and has no chance of success.

Further, Plaintiff, in his request to proceed *in forma pauperis* on appeal, states that he is unable to pay the filing fee. [Doc. 15, p. 4]. However, the Plaintiff failed to file "an affidavit that includes a statement of all assets" as he was required to do. 28 U.S.C. § 1915(a)(1).

The appeal, therefore, is not brought in good faith as there are no issues with arguable merit, and the Court **DENIES** Plaintiff's Motion for Leave to Appeal *In Forma*

*Pauperis* [Doc. 15].

## IV. Conclusion

For these reasons, Plaintiff's motion for an extension of time [Doc. 13] is **GRANTED in part and DENIED in part**. To the extent Plaintiff seeks to extend the time for filing any document related to the September 28, 2018 Order dismissing his case and/or to set aside the September 28, 2018 Order, his motion is denied. To the extent Plaintiff seeks to extend the time for filing his notice of appeal of the February 13, 2020 Order denying Plaintiff's Rule 60 motion, Plaintiff's motion is granted, and Plaintiff shall have until April 13, 2020 to file his notice of appeal in this case. *See* Fed. R. App. Proc. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.").

Additionally, the Court **DENIES** Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 15]. If Petitioner wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Petitioner has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Petitioner is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Petitioner's account (to the extent the

account balance exceeds $10) until the $505 appellate filing fee has been paid in full.

Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this 5th day of March, 2020.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**